UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AZGAR MAMMADOV,

    Petitioner,

-against-

                      MEMORANDUM AND ORDER
                      10-CV-1495 (ILG)

UNITED STATES OF AMERICA,

    Respondent.
------------------------------------------------------------x
GLASSER, United States District Judge:

    The petitioner seeks an Order from this Court that would vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He bases his asserted entitlement to that relief on the grounds that: (1) restitution was awarded to two victims who were not named in the count of conviction; (2) a "serious bodily injury" enhancement was included in his Guidelines calculation; (3) he needed an Azerbaijan interpreter and not a Russian interpreter during his plea and sentencing proceedings; and (4) he asserts error to the receipt of victim impact letters at sentencing without prior notice of their intended use which violated his due process rights. Finally, he argues ineffective assistance by his counsel at sentencing for not raising those issues on appeal.

    The Court is driven to once again endorse the observation of Justice Harlan concurring in <u>Mackey v. United States</u>, 401 U.S. 667, 690-91 (1971), which is so exquisitely apt here:

> It is, I believe, a matter of fundamental import that there be a visible end to the litigable aspect of the criminal process. Finality in the criminal law is an end which must always be kept in plain view.
>
> Surely it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not

mean that in doing so, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.

A rule of law that fails to take account of these finality interests would do more than subvert the criminal process itself. It would also seriously distort the very limited resources society has allocated to the criminal process.

Mammadov, it is important to note, makes no claim of innocence. See, Friendly, Is Innocent Irrelevant: Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142 (1970). The government, in opposition to his petition, has submitted a 38 page Memorandum addressing in painstaking factual and legal detail, each of his imagined grounds for relief and which irrefutably establishes their baseless and frivolous assertions. Annexed to that superb dissection of his claims are eleven exhibits which enhance the conclusiveness of the Memorandum.

In dismissing this petition, I adopt the government's submission in opposition to it and incorporate it here in its entirety. To do more would be a pretense of scholarship in a thinly disguised re-writing of an impressive response to a meritless petition and "subvert the criminal process . . . and distort the very limited resources society has allocated to [it]."

The petition is dismissed.

SO ORDERED.

Dated:   Brooklyn, New York
         October 6, 2010

S/ILG

_____
I. Leo Glasser